OPINION
On October 10, 1996, appellant Todd Pettis pled guilty in the Stark County Common Pleas Court to two counts of aggravated robbery (R.C. 2911.01) with a firearm specification, and one count of aggravated burglary (R.C. 2911.11) with a firearm specification. All three counts were for crimes committed prior to July 1, 1996, the effective date of Senate Bill 2. At the same time, he entered a plea of guilty to one count of possession of cocaine (2925.11 (A)), and carrying a concealed weapon (R.C. 2923.12), both committed after July 1, 1996. The court convicted appellant upon the guilty pleas, and sentenced him to five to twenty-five years on each count of aggravated robbery, each with an accompanying three years incarceration for the firearm specifications. He was sentenced to five to twenty-five years for aggravated burglary, with a three year period of actual incarceration on the firearm specification. The firearm specifications were to run concurrently with each other, but consecutively with the aggravated robbery and aggravated burglary sentences. The aggravated robbery and aggravated burglary sentences were to run concurrently with each other. As for the two offenses committed after the enactment of Senate Bill 2, the court sentenced appellant to six months incarceration for possession of cocaine and carrying a concealed weapon, to be served concurrently to each other and concurrently with the sentences for aggravated robbery and aggravated burglary. On October 30, 1998, appellant filed a motion for a delayed appeal in this court. The motion was granted. Appellant assigns a single error:
 ASSIGNMENT OF ERROR
APPELLANT'S PLEA CANNOT BE HELD AS VOLUNTARY WHEN THERE IS NO AFFIRMATIVE SHOWING THAT THE COURT CONDUCTED ANY DISCUSSION WITH THE APPELLANT TO DETERMINE IF HE HAD AN UNDERSTANDING OF WHAT A GUILTY PLEA DENOTS. [SIC] THEREBY, IN VIOLATION OF RULE 11 AND RENDERING THE PLEA AS WELL AS THE SENTENCE VOID.
We note that appellant did not avail himself of Crim.R. 32.1, which provides that a defendant may seek to withdraw a plea after sentencing where manifest injustice is shown. Nevertheless, the record does not support appellant's contention that the court did not comply with Crim.R. 11 (C) in his plea proceeding. That rule provides: (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and doing all of the following:
(A) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation.
(B) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
(C) Informing the defendant and determining that the defendant understands that by his plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
The transcript of the plea hearing in the instant case demonstrates that the court personally addressed appellant concerning the voluntariness of his plea, the nature of each charge and the possible penalties involved, the fact that he would not be receiving probation, and the fact that by pleading guilty appellant was giving up his right to a trial by jury, to confrontation of witnesses, to compel witnesses in his favor, and to require the State to prove his guilt beyond a reasonable doubt. The court further advised him that he was giving up his right against self-incrimination. The court ensured that no promises or threats have been made to appellant to induce the guilty plea, and the court informed him of the bad time and post-release control provisions of Senate Bill 2. Tr. 5-15. Appellant also argues that his trial counsel failed to inform him that he would not be sentenced under Senate Bill 2 as to all charges. There is nothing in the record to support this contention. In fact, counsel for appellant stated on the record at the plea proceeding that some of the charges involved pre-Senate Bill 2 sentencing, while other charges involved post-Senate Bill 2 sentencing. Tr. 3-5. Further, the court specifically advised appellant as to the potential sentence for each charge involved. Appellant never indicated to the court that he was not advised accordingly by his attorney, or that he did not understand the potential penalties. The assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur